MS. DOE, et al.,            )
                            )
    Plaintiffs,             )
                            )
        v.                  )   NO. 3:09-0671
                            )   Judge Echols/Bryant
PROVIDENCE COMMUNITY        )   **Jury Demand**
CORRECTIONS, et al.,        )
                            )
    Defendants.             )

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

Defendants State of Tennessee, Providence Community Corrections and Providence Service Corporation (collectively "Providence") have filed their motions to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. (Docket Entry Nos. 26 and 39). Plaintiff has responded in opposition (Docket Entry Nos. 36, 43 and 49).

These motions have been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 5).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that the defendants' motions to dismiss be **GRANTED** and the complaint, as amended, be **DISMISSED**.

### Statement of the Case

"Ms. Doe," proceeding pro se, filed her complaint under a pseudonym as parent and next of friend of her daughter, "Jane

Doe." Ms. Doe also seeks to represent a class of plaintiffs "consisting of all students and clients subjected to drug testing by Providence Community Corrections or Providence Service Corporation since January 1997 and on behalf of all others similarly situated" (Docket Entry No. 1). With leave of court (Docket Entry No. 20), Ms. Doe filed her amended complaint (Docket Entry No. 25).[1]

Although the allegations in the amended complaint consist largely of conclusory labels and characterizations, the Court has been able to piece together the following factual summary. Plaintiff's daughter, "Jane Doe," was charged by campus police at Middle Tennessee State University in Murfreesboro with the offense of possession of marijuana. "Jane Doe" plead guilty to that charge and was fined and sentenced to a period of probation during which she was required to take periodic drug tests at a facility operated by defendant Providence.

Plaintiff alleges that, while her daughter was at the facility operated by Providence for the purpose of required drug tests, she was (1) threatened and intimidated by Providence personnel into signing a financial contract containing payment

_____

[1] "Ms. Doe" only signed the original complaint, although she clearly did so in her representative capacity on behalf of her daughter, "Jane Doe," and the purported class members she seeks to represent. "Jane Doe" apparently signed the amended complaint, although neither "Jane Doe" nor any party has moved for her joinder as a plaintiff. In her filings, Ms. Doe refers to herself and her daughter, "Jane Doe," as plaintiffs.

terms "that differed from the financial terms presented by the Agent of the Court of the State of Tennessee," and (2) subjected to "sexual harassment" by a Providence employee who, allegedly, made "comments about [Jane Doe's] phone number, requests that [Jane Doe] take off her shoes as he had a foot fetish, following [Jane Doe] to the parking lot and giving [Jane Doe] his phone number on a small blue post it note, and physically touching [Jane Doe]." Plaintiff also alleges that Providence's drug testing procedures are "substandard," and, at least implicitly, that such substandard procedures resulted in a false positive drug screen result for Jane Doe. Plaintiff includes in her amended complaint four numbered causes of action: (1) "sexual harassment, retaliation & intimidation" under 42 U.S.C. § 1983; (2) "failure to prevent harassment" under § 1983; (3) "disclosure, misrepresentation, induced mistakes, fraud and antitrust," citing § 1983 and the Clayton Antitrust Act; and (4) "intentional infliction of emotional distress." Plaintiff seeks general, special and punitive damages totaling $100,000,000.00, plus attorney's fees, interest and costs against all defendants and "willingness to agree to revise disclosure, sexual harassment, intimidation, testing, and monitoring standards" on the part of defendant State of Tennessee (Docket Entry No. 25).

**The Defendants' Motions**

State of Tennessee.  The State of Tennessee in its Rule 12 motion to dismiss argues two grounds: (1) the Eleventh Amendment bars this claim against the State for money damages; and (2) even if particular individuals, such as the presiding judge and prosecutor in Jane Doe's case, were named as defendants (which has not occurred), plaintiff's claim would be barred by the doctrines of judicial and prosecutorial immunity, respectively.

Providence.  Providence moves to dismiss on several legal grounds.  First, Providence argues that plaintiff "Ms. Doe" is not the real party in interest, and that she lacks standing to assert claims that belong to her daughter, "Jane Doe."  Next, Providence maintains, for numerous reasons, that the amended complaint lacks sufficient facts – as distinguished from labels, characterizations and conclusions – to demonstrate a "facially plausible" entitlement to relief, as required by Ashcroft v. Iqbal.

**Analysis**

Under recent Supreme Court authority, a court analyzing a complaint under Rule 12(b)(6) must construe the complaint in the plaintiff's favor, accept the factual allegations contained in the complaint as true, and determine whether the plaintiff's factual allegations present "plausible" claims.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To be considered plausible, a claim must be more than merely conceivable.  Id. at 556; Ass'n of

4

Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). Since its ruling in Twombly, the Supreme Court has addressed again the "plausibility" standard adopted in Twombly:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" – "that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (internal citations omitted). Thus, pursuant to this authority, this Court must determine whether Ms. Doe has stated a plausible claim.

Standing. Plaintiff, Ms. Doe, has filed this action as parent and next friend of her daughter, Jane Doe, "and on behalf of a plaintiff class consisting of all students and clients subjected to drug testing by Providence Community Corrections or Providence Service Corporation since January 1997 and on behalf of all others similarly situated." (Docket Entry No. 1). Ms. Doe seeks to

recover for alleged violations of her daughter's civil rights pursuant to 42 U.S.C. § 1983. (Id.)

In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort. Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir. 2000); Jaco v. Bloechle, 739 F.2d 239, 241 (6th Cir. 1984). Therefore, only the purported victim may prosecute a section 1983 claim. Moreover, no cause of action may lie under section 1983 for emotional distress or other consequent collateral injuries allegedly suffered personally by the victim's family members. Id.

In addition, Ms. Doe is proceeding pro se in this case. While individuals may appear pro se to assert their own claims, "a person may not appear pro se on another person's behalf in the other's cause of action." Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist., 409 F.3d 753, 755 (6th Cir. 2005). "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002).

A liberal reading of the amended complaint demonstrates that the claims asserted belong to Ms. Doe's daughter, Jane Doe. Jane Doe was charged with marijuana possession, plead guilty, and apparently was sentenced to probation, with periodic drug screens

6

to be administered by defendant Providence. Jane Doe was allegedly "sexually harassed" by a Providence employee, and if a drug screen was misinterpreted by Providence because of "substandard" collection and testing procedures, it was Jane Doe's drug screen. In summary, the claims in the amended complaint are the claims of Jane Doe. Under the authority cited above, the undersigned Magistrate Judge finds that plaintiff Ms. Doe, a pro se litigant, lacks standing to assert her daughter's constitutional claims under 42 U.S.C. § 1983, and that her complaint, as amended, should be dismissed for lack of standing.

The State's claim of Eleventh Amendment immunity. Defendant State of Tennessee argues that the amended complaint fails to state a claim upon which relief can be granted because the Eleventh Amendment to the U.S. Constitution bars actions for money damages by citizens against their own state in federal court. See Hans v. Louisiana, 134 U.S. 1 (1890). More specifically, the Supreme Court has held that, in a suit brought pursuant to § 1983, "a federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury." Edelman v. Jordan, 415 U.S. 651, 677 (1974) (internal citations omitted).

Courts recognize two exceptions to Eleventh Amendment immunity from suits for money damages against states: (1) where

Congress clearly abrogates the Eleventh Amendment in a statute, <u>Hoffman v. Connecticut Dep't of Income Maintenance</u>, 492 U.S. 96 (1989), and (2) where a state has waived its Eleventh Amendment immunity and consented to be sued in federal court. <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89 (1984).

The Supreme Court has held that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity, <u>Quern v. Jordan</u>, 440 U.S. 332 (1979), and federal courts in Tennessee have held that Tennessee has not waived its immunity under the Eleventh Amendment from suits brought under § 1983. <u>ACLU v. Tennessee</u>, 496 F.Supp. 218 (M.D. Tenn. 1980).

In her prayer for relief in the amended complaint (Docket Entry No. 25, p. 16), plaintiff seeks general, special and punitive damages against the State of Tennessee, together with attorney's fees, interest and costs. Apparently, plaintiff seeks, in the alternative, the State's "willingness to agree to revise disclosure, sexual harassment, intimidation, testing, and monitoring standards." In the absence of any contrary legal authority cited by plaintiff (Docket Entry No. 36), the undersigned Magistrate Judge finds that plaintiff's claims against the State of Tennessee are for money damages and are barred by the Eleventh Amendment, and, therefore, that her complaint, as amended, against the State should be dismissed.

8

Plaintiff's section 1983 claim under Twombly and Iqbal.
Title 42, section 1983, of the United States Code states in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

A claimant under section 1983 must show (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996). Here, plaintiff alleges that defendants deprived Jane Doe of her rights under the Eighth Amendment (Docket Entry No. 43, p. 9).

The factual allegations relating to plaintiff's claim of sexual harassment of Jane Doe appear in paragraphs 16 and 17 of the amended complaint (Docket Entry No. 25). These two paragraphs, quoted here in their entirety, state:

> 16. Thereafter Jane Doe was subjected to sexual harassment and intimidation by an armed, unidentified employee of Providence. This harassment included comments about [Jane Doe's] appearance, body, requests for [Jane Doe's] phone number, requests that [Jane Doe] take off her shoes as he had a foot fetish, following [Jane Doe] into the parking lot and giving [Jane Doe] his phone

9

>     number on a small blue post it note, and physically
>     touching [Jane Doe].
>     17.   All of these actions were unwelcome and
>     intimidated [Jane Doe] as Agent of Defendant was
>     armed. [Jane Doe] declined all advances.[2]

Stripping away the conclusory labels and characterizations (e.g., "sexual harassment and intimidation") as Iqbal and Twombly suggest, the amended complaint alleges that, during a visit to the Providence facility to take a drug test required as a condition of Jane Doe's probation, a Providence employee made unspecified comments about Jane Doe's appearance and body. This same employee asked for Jane Doe's phone number and requested that she remove her shoes, apparently after disclosing that he had a foot fetish. As Jane Doe left the facility, this employee followed her into the parking lot and gave Jane Doe his telephone number written on a small piece of paper. At some time during this encounter, this employee allegedly touched an unspecified part of Jane Doe's body. Jane Doe considered these actions unwelcome and declined all advances by this employee.

The Eighth Amendment prohibits, among other things, "cruel and unusual punishments." Courts have held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97 (1976).

---

[2] Throughout the amended complaint, both plaintiff Ms. Doe and her daughter, Jane Doe, are interchangeably referred to as "plaintiff" and 'plaintiffs," although Ms. Doe only signed the original complaint. Jane Doe has neither sought nor obtained leave to join this case as a party.

10

Similarly, "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Street v. Corrections Corp., 102 F.3d at 814 (quoting Farmer v. Brennan, 511 U.S. 825 (1994)).

Accepting the factual allegations in the amended complaint as true, the actions of the Providence employee toward Jane Doe were ill-mannered, inappropriate and rude. However, they cannot reasonably be said to constitute "cruel and unusual punishment" or "deliberate indifference to a substantial risk of serious injury" to Jane Doe, and therefore do not state a claim upon which relief can be granted under section 1983 and the Eighth Amendment.

For the foregoing reasons, the undersigned Magistrate Judge finds that plaintiff's claims under section 1983 for alleged sexual harassment of Jane Doe should be dismissed for failure to state a claim.

Intentional Infliction of Emotional Distress. Plaintiff, in her fourth cause of action, alleges, in conclusory terms, that "[t]he unlawful harassment, retaliation, and intimidation conduct towards Plaintiffs, due to its improper motivations and surrounding circumstances constitute extreme and outrageous conduct by the Defendants, and each of them." (Amended complaint, paragraph 78). Nowhere in the five numbered paragraphs of the "fourth cause of action" (paragraphs 78 through 82) does plaintiff identify, quote,

11

or otherwise specify any act, omission or statement by any defendant that plaintiff claims constitutes intentional infliction of emotional distress.

The Tennessee Supreme Court has held that to establish a claim for intentional infliction of emotional distress a plaintiff must "show that the defendant's conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Miller v. Willbanks, 8 S.W.3d 607, 614 (Tenn. 1999) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)). In contrast to this demanding standard, courts have held that the tort of intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppression or other trivialities." Arnett v. Domino's Pizza I, LLC, 124 S.W.3d 529, 539 (Tenn.Ct.App. 2003) (quoting Medlin v. Allied Inv. Co., 398 S.W.2d 270, 274 (1966).

The undersigned Magistrate Judge has reviewed carefully the factual allegations of the amended complaint and, for purposes of this report and recommendation, assumes those facts to be true. Nevertheless, the undersigned Magistrate Judge finds, as a matter of law, that, while the alleged acts of defendants or their employees may fairly be characterized as insulting, rude, annoying and inappropriate, they are not sufficiently outrageous in

12

character or extreme in degree to state a claim for intentional infliction of emotional distress under Tennessee law. For this reason, the undersigned Magistrate Judge finds that plaintiff's claims under this cause of action must be dismissed.

<u>Clayton Antitrust Act</u>. Plaintiff, with no explanation whatsoever, alleges that "these actions, taken collectively and in concert by Defendants, constitute fraud and violate provisions within the Clayton Antitrust Act." (Amended complaint, paragraph 77). Regrettably, plaintiff neglects to specify the provisions of this statute she claims were violated, the acts or omissions by defendants that she claims violated the statute, or the reason why she claims the defendants' actions violated this law.

The Court should not be required to guess or speculate about the basis for plaintiff's claims. Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."

Beyond the name of the act, plaintiff has made no attempt to explain why she is entitled to recover under any provision of the Clayton Antitrust Act. For this reason, the undersigned Magistrate Judge finds that her claim under this statute should be dismissed for failure to state a claim.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the defendants' motions to dismiss the amended complaint for failure to state a claim (Docket Entry Nos. 26 and 39) should be **GRANTED**, and that the complaint, as amended, should be **DISMISSED** for failure to state a claim. If this recommendation is accepted by the District Judge, the Magistrate Judge further **RECOMMENDS** that the remaining pending motions be **TERMINATED** as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 7th day of December 2009.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
