UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MS. DOE, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No. 3:09-0671 |
| | )   Judge Echols |
| PROVIDENCE COMMUNITY | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

*Pro se* Plaintiff, under the pseudonym "Ms. Doe," filed suit as parent and next of friend for her adult daughter, "Jane Doe," a student at Middle Tennessee State University. The action, so far as the Court can tell from the record, appears to arise from the fact that Jane Doe pled guilty to marijuana possession after being arrested by campus police and was required, as a condition of probation, to take periodic drug tests at a facility operated by Defendant Providence Community Corrections.

After Defendants State of Tennessee, Providence Community Corrections, and Providence Service Corporation filed Motions to Dismiss (Docket Entry Nos. 26 & 39), the Magistrate Judge entered a lengthy Report and Recommendation ("R & R") (Docket Entry No. 53) which recommends that the Court grant the Motions to Dismiss and terminate assorted other filings made by the parties since the inception of this suit. Plaintiff has filed Objections to the R & R (Docket Entry No. 59), along with an Addendum (Docket Entry No. 60).

When a party makes timely objections to an R&R, the Court undertakes a *de novo* determination of the matter and "may accept, reject, or modify the recommended disposition; receive

1

further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72. The Court has conducted *de novo* review in this case and will accept the Magistrate Judge's recommendations.

In the R & R, the Magistrate Judge determined that, even considering Plaintiff's *pro se* status and construing the facts in her favor, Plaintiff's Amended Complaint fails to state a plausible claim under the recent standards governing Motions to Dismiss as expressed by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). The Magistrate Judge held Plaintiff has no standing to assert claims for her daughter; 42 U.S.C. § 1983 claims are personal; Plaintiff, as a non-attorney, cannot represent her daughter; and a victim's family members cannot recover emotional distress or other collateral damages for alleged violations of Section 1983. As for the claims against the State of Tennessee, the Magistrate Judge ruled that Defendant is entitled to Eleventh Amendment immunity. Further, the Magistrate Judge addressed Plaintiff's specific claims and found that the factual allegations in the Amended Complaint, even if true, did not show "cruel and unusual punishment" under the Eighth Amendment; that Plaintiff forwarded insufficient facts to support an intentional infliction of emotional distress claim because the allegations against the Defendants do not suggest outrageous (as opposed to rude, inappropriate or annoying) conduct; and that Plaintiff's Clayton Act claim fails because Plaintiff makes no attempt to articulate how that Act comes into play under the alleged facts of this case.

Having fully considered the matter, the Court finds the Magistrate Judge correctly applied the law to the allegations contained in the Amended Complaint and that dismissal of this action is appropriate. In reaching this conclusion, the Court has thoroughly considered Plaintiff's 36-page objection, but finds nothing in those pages which suggests that the Magistrate Judge erred in recommending dismissal.

Objections to an R & R must be specific and "clear enough to enable the district court to discern those issues that are dispositive and contentious." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). "Overly general objections do not satisfy the objection requirement." Id.

Here, Plaintiff's objections are anything but specific and it is difficult for the Court to determine exactly what Plaintiff is objecting to in the R & R. She begins her objections by describing what the Torah and New Testament have to say about slavery, notes that Jesus' "musings" led him to "land[] . . . on the cross," and expresses fear that she will be found hanging from a tree or simply disappear. Plaintiff claims her situation "sucks" because she is a single parent who has encountered everything from rape to homelessness, and her children's father is a quadriplegic. (Docket Entry No. 59 at 1-2). While Plaintiff's circumstances may be unfortunate, they do not show that the Magistrate Judge erred in arriving at his legal conclusions.

Plaintiff next notes the Magistrate Judge is a graduate of Vanderbilt University School of Law and that he previously was employed with the law firm of Bass, Berry & Sims for many years and then Walker, Bryant, Tipps & Malone. She then spends pages setting forth what appear to be minutes from county and town meetings, and cases which indicate that the Magistrate Judge did in fact work for those law firms and that, in his capacity as a lawyer, represented assorted corporations and governmental agencies. Plaintiff also points to what appear to be snippets from newspaper articles which discuss rulings the Magistrate Judge has made in the past. Plaintiff then writes, "Magistrate Judge John S. Bryant has a long history of fighting against as [sic] a wealthy attorney and later as a judge, ruling against people seeking civil rights protection in an environment in which the Court have long been it at first appeared [sic], an only avenue to justice[.]" (Docket Entry No. 59-at 9).

Presumably, Plaintiff is contending the Magistrate Judge is somehow biased. However, speculation or opinions are insufficient to show bias. Scott v. Metro. Health Corp., 234 Fed. Appx.

3

341, 352 (6th Cir. 2007). Further, "'[o]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Alley v. Bell, 307 F.3d 380, 388 (6th Cir. 2002)(citation omitted). Plaintiff simply fails to show bias in this case.

Plaintiff next claims the Magistrate Judge erred by failing to recognize "Jane Doe" as a Plaintiff to this action. This was not error because the case was brought exclusively by Ms. Doe on behalf of her daughter and others.

Plaintiff also castigates counsel for one of the Defendants because he identifies her name, instead of her pseudonym, and claims this violates "The Criminal Justice Act of 1988" which purportedly provides that rape complainants should not be publicly identified. Presumably, Plaintiff is referencing one or more rape-shield statutes which are of doubtful applicability in this case. Regardless, the unilateral acts of counsel are not attributable to the Magistrate Judge and, in any event, Plaintiff effectively identifies herself by attaching as exhibits to her filings e-mail exchanges which contain her true name. (See, Docket Entry No. 54).

Plaintiff also claims that the Magistrate Judge "never mentions contracts, failure to disclose, misrepresentation, induced mistakes, urine collection standards, truth in terms, audits, compliance, undeclared 365+ Day accounting cycles or documented operating standards relating to applicable laws, or Maximus." (Docket Entry No. 59 at 13). Leaving aside that most of these things are not properly characterized as causes of action, the Magistrate Judge addressed each of the causes of actions set forth in the Amended Complaint.

In her "Addendum," Plaintiff seeks to "align [her] filing in accordance to the 11th Amendment Stripping Doctrine which allows private citizens to seek injunctive relief against state actions."

4

(Docket Entry No. 60). This is not a proper objection. Regardless, and as the Magistrate Judge properly noted, Plaintiff lacks standing to assert claims on behalf of her daughter.

Based upon the foregoing, the Court will dismiss this action because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. With that conclusion, the pending motions in this case are moot.

Accordingly, the Court rules as follows:

(1) The R & R is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Objections to the R & R (Docket Entry Nos. 59 & 60) are hereby OVERRULED;

(3) The Motions to Dismiss by Defendants State of Tennessee, Providence Community Corrections, and Providence Service Corporation (Docket Entry Nos. 26 & 39) are hereby GRANTED;

(4) All remaining Motions (Docket Entry Nos. 2, 10, 28, 31, 33, 38, 43, 45, 47, 49, 50, 53, 54 & 58) are hereby DENIED AS MOOT; and,

(5) This case is hereby DISMISSED.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

*[signature]*
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

5

Case 3:09-cv-00671   Document 62   Filed 01/26/10   Page 5 of 5 PageID #: 499